[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13891
Non-Argument Calendar

_____

D.C. Docket No. 0:19-cr-60103-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO MARCEL PHILMORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 8, 2020)

Before MARTIN, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Antonio Philmore appeals his 51-month sentence imposed after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  No reversible error has been shown; we affirm.

Philmore contends the district court calculated incorrectly his advisory guidelines range by applying a four-level enhancement -- under U.S.S.G. § 2K2.1(b)(6)(B) -- for possession of a firearm in connection with another felony. Philmore asserts the enhancement is inapplicable because Philmore had no actual or constructive possession of the gun (which he left in his car) when he engaged in the conduct underlying his state felony charges for aggravated fleeing, battery on a law enforcement officer, and resisting arrest.

The district court overruled Philmore's objections to the application of the four-level section 2K2.1(b)(6)(B) enhancement and calculated Philmore's guidelines range as between 51 and 63 months.  The district court then imposed a sentence of 51 months' imprisonment.  At sentencing, the district court also said expressly that -- even absent the four-level sentencing enhancement -- the court would have imposed the same 51-month sentence based on the 18 U.S.C. § 3553(a) factors.

"We review the district court's interpretation of the Sentencing Guidelines de novo and accept its factual findings unless clearly erroneous." United States v. Barner, 572 F.3d 1239, 1247 (11th Cir. 2009).

Where -- as in this case -- the district court says that it would have imposed the same sentence irrespective of the disputed guideline calculation, we need not resolve the guideline issue if the sentence imposed is substantively reasonable. See United States v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006). In determining the reasonableness of the sentence, "we must assume that there was guidelines error -- that the guidelines issue should have been decided in the way the defendant argued and the advisory range reduced accordingly -- and then ask whether the final sentence resulting from consideration of the § 3553(a) factors would still be reasonable." Id.

We evaluate the substantive reasonableness of a sentence -- whether inside or outside the guidelines range -- under a deferential abuse-of-discretion standard. Gall v. United States, 55 U.S. 38, 51 (2007). In reviewing the substantive reasonableness of a sentence, we consider the totality of the circumstances and whether the sentence achieves the purposes of sentencing stated in section 3553(a). United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

3

The purposes of sentencing include promoting respect for the law, providing just punishment, deterring criminal conduct, and protecting the public from further crimes. 18 U.S.C. § 3553(a)(2). A sentencing court should also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the Guidelines range, policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1), (3)-(7).

When a sentence is above the guidelines range, we "may consider the deviation, 'but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008). "We may vacate a sentence because of the variance only 'if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009). The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

4

If the district court had decided the sentencing enhancement issue in Philmore's favor, Philmore's advisory guidelines range would have been 33 to 41 months. Thus, we must determine whether the sentence imposed was reasonable, "assuming exactly the same conduct and other factors in the case," but with a guidelines range of 33 to 41 months, instead of 51 to 63 months. See Keene, 470 F.3d at 1350.

Given the totality of the circumstances and the section 3553(a) factors, Philmore's above-guidelines sentence of 51 months is reasonable. By age 29, Philmore had 19 prior convictions, including convictions for battery, resisting arrest, drug possession, possession of a firearm by a felon, smuggling contraband into jail, trespass, reckless driving, and tampering with evidence. The undisputed facts also show that -- in this case -- Philmore fled from police, refused to comply with the officers' repeated commands to stop, and resisted physically his arrest, causing one of the arresting officers to suffer a broken ankle. Given Philmore's extensive criminal history and the circumstances of this offense, the district court determined reasonably that a sentence of 51 months was necessary to protect the public, promote respect for the law, provide just punishment, and to provide adequate deterrence. That the sentence is also well below the statutory maximum

5

sentence of 120 months also supports a finding of reasonableness.  See Gonzalez,

550 F.3d at 1324.

AFFIRMED.